**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

KEVIN MAGOUIRK,

    Plaintiff,

v.

SPANISH TRAILS, INC., a Colorado Corporation, and

JAMES H. ADAMS, individually,

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

**I.    INTRODUCTION**

Comes now the Plaintiff, Kevin Magouirk ("Plaintiff"), by and through his undersigned counsel, Albrechta & Albrechta, LLC, and he brings this action against Defendant Spanish Trails, Inc. and Defendant James H. Adams (collectively, "Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.* ("CWCA"), and he hereby states:

**II.    PARTIES**

1. Defendant Spanish Trails, Inc. is a Colorado corporation authorized to do business in Colorado. Its principal place of business is located at 3141 Main Avenue, Durango, Colorado 81301. Spanish Trails, Inc. is in the hospitality business and operates a motel, Spanish Trails Inn

& Suites (hereafter "Spanish Trails" or "motel"), at its principal place of business in Colorado located at 3141 Main Avenue, Durango, Colorado 81301.

2. Defendant Spanish Trails, Inc. is, and at all times material to this action was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3. Defendant Spanish Trails, Inc. is, and at all times material to this action was, an enterprise engaged in interstate commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), by offering overnight lodging accommodations.

4. Defendant Spanish Trails, Inc. is, and at all times material to this action was, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Spanish Trails, Inc. does, and at all times material to this action did, receive from gross annual sales or business done at least $500,000.00 per year and has employees engaged in interstate commerce.

6. Defendant Spanish Trails, Inc. is, and at all times material to this action was, a covered employer under 7 C.C.R. 1103-1.

7. Defendant James H. Adams (hereafter "Adams") is, and at all times material to this action was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), as Adams is Spanish Trails, Inc.'s principal owner and/or controlling officer and exercises overall financial control of the company including determining employees' rates of compensation.

8. Plaintiff Kevin Magouirk is an adult resident of the state of Colorado who currently resides in Durango, Colorado. Plaintiff lived and worked at Defendant Spanish Trails, Inc. and under Defendant Adams's control from on or about February 2014 through September 14, 2017 as Front

Desk Clerk and as Night Manager at Defendants' motel, Spanish Trails, at 3141 Main Avenue, Durango, Colorado 81301.

9. At all times material to this action, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. §203(e) and was a covered employee under 7 C.C.R. 1103-1.

### III.  JURISDICTION AND VENUE

10. Counts I and II of the Complaint are based on federal law. As to Counts I and II, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

11. This Court holds supplemental jurisdiction over Counts III and IV, pursuant to 28 U.S.C. §1367, on the grounds that they are so related to Counts I and II, over which the Court has original jurisdiction, that it forms part of the same case or controversy.

12. Plaintiff was employed in this District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this District. Thus, venue properly lies within the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §1391(c).

### V.  STATEMENT OF FACTS

13. Plaintiff was employed by Defendants at Defendants' motel, Spanish Trails Inn & Suites as a Front Desk Clerk and as a Night Manager.

14. Plaintiff's job performance was satisfactory at all time during his employment.

15. Plaintiff is a covered non-exempt employee as defined by the FLSA and CWCA.

16. Plaintiff is not a tipped employee.

17. Spanish Trails is a motel that offers short term and long term overnight lodging accommodations.

18. Defendant Adams, as the principal owner and/or controlling officer of Defendant Spanish Trails, Inc., exercised financial control over the company and determined the Plaintiff's terms and conditions of employment including his compensation structure.

19. As Front Desk Clerk, Plaintiff had the primary duty of being present at the front desk to assist potential and existing guests, including making reservations for walk-ins and over the phone, providing general information and concierge services, checking guests in and out, showing guests to their rooms, and taking calls from guests for maintenance issues, room service, complaints, and other general issues.

20. Plaintiff performed his duties as Front Desk Clerk at Defendants' place of business in Durango, Colorado.

21. Plaintiff worked as Front Desk Clerk from approximately February 2014 until May 28, 2017.

22. Upon Plaintiff's hiring in February 2014, Defendants paid Plaintiff an hourly wage of $10.50 per hour for work performed as Front Desk Clerk.

23. Plaintiff received a raise in his hourly compensation for work performed as Front Desk Clerk in June 2014 to $13.00 per hour.

24. Plaintiff received a raise in his hourly compensation for work performed as Front Desk Clerk in September 2014 to $13.50 per hour.

25. Plaintiff received a raise in his hourly compensation for work performed as Front Desk Clerk in February 2015 to $14.00 per hour.

26. Plaintiff received a raise in his hourly compensation for work performed as Front Desk Clerk on April 17, 2016 to $15.00 per hour.

27. Upon information and belief, Plaintiff was paid some overtime premium compensation for at least one pay period during his employment as Front Desk Clerk.

28. From approximately February 2014 until February 2015, Plaintiff's shifts as Front Desk Clerk were not always consistent, and he worked shifts up to seven days a week.

29. From approximately February 2015 through May 2015, Plaintiff typically worked shifts as Front Desk Clerk on Thursdays through Mondays, with Tuesdays and Wednesday off.

30. From approximately May 2015 through the end of his employment as Front Desk Clerk on May 28, 2015, Plaintiff typically worked shifts as Front Desk Clerk on Thursdays through Sundays, with Mondays, Tuesdays, and Wednesdays off.

31. The length of Plaintiff's shifts as Front Desk Clerk varied from day to day.

32. Although Plaintiff typically did not work every day of the week as Front Desk Clerk, Defendants required him to work every single night of the week as Night Manager.

33. As Night Manager, Plaintiff had the same primary duty as Front Desk Clerk, which was to be present and on call at Spanish Trails to assist potential and existing guests, including making reservations for walk-ins and over the phone, providing general information and concierge services, checking guests in and out, showing guests to their rooms, taking calls from guests for maintenance issues, room service, complaints, and other general issues.

34. Despite the title "manager" during his night shifts as Night Manager, Plaintiff's job duties were the same as his day shifts as Front Desk Clerk; he did not manage or supervise any other employees, he did not have management authority or control over general business operations, and he did not exercise discretion over matters of significance.

35. Plaintiff performed his duties as Night Manager at Defendants' place of business in Durango, Colorado.

36. Plaintiff worked as Night Manager from approximately February 2014 until September 14, 2017.

37. Defendants failed to compensate Plaintiff for all hours he worked as the Night Manager at Spanish Trails.

38. On or about February 24, 2014, Plaintiff signed a License Agreement with Spanish Trails, Inc., which acknowledged that "Kevin Magouirk is employed as Night Manager of Spanish Trails Inn & Suites.  **As part of his compensation** for this position, he will reside in Unit #411 located downstairs in the 400 building free of charge." (Emphasis added.)

39. Defendants failed to compensate Plaintiff for his work as Night Manager beyond the value of the residential unit he was provided "as part of his compensation."

40. From approximately February 2014 until September 14, 2017, Defendants required Plaintiff to be present and on call every single night as Night Manager except for two periods of time, one time when he traveled out of town for a funeral and another time when he recovered from surgery.

41. Plaintiff worked as Night Manager at Spanish Trails during all hours that an employee was not present at the front desk for office hours.

42. Upon information and belief, the office hours at Spanish Trails during the winter months were 8:00 am – 8:00 pm Sunday through Thursday and 8:00 am through 9:00 pm Friday and Saturday, and office hours during the summer months were 7:00 am through 9:00 pm Sunday through Thursday and 7:00 am through 10:00 pm Friday and Saturday.

43. Over the course of Plaintiff's employment, upon information and belief, Spanish Trails's office hours were reduced by several hours per day in both winter and summer months, increasing the number of hours that Plaintiff was required to be present and on call as Night Manager.

44. When the Spanish Trails office was closed and an employee was not present at the front desk, Defendants posted a notice on the front door that provided Spanish Trails's office hours and provided Plaintiff's personal cell phone number for "after-hours check-in or to report an emergency."

45. Defendants engaged Plaintiff to wait for and to respond to all incoming phone calls to Spanish Trails at all times that an employee was not at the front desk and during non-office hours.

46. During non-office hours, all phone calls that were made to the front desk of Spanish Trails, including all incoming calls from internal and external phone lines, were forwarded from the motel phone to Plaintiff's personal cell phone.

47. Defendants reimbursed Plaintiff monthly for the use of his personal cell phone while working as Night Manager.

48. Plaintiff received at least one, and typically multiple, calls per night.

49. Defendants required Plaintiff to respond immediately to calls to provide quality customer service to guests and potential guests of Spanish Trails.

50. Calls from guests and potential guests were varied and required immediate response. Some examples include: assisting guests who were locked out of a room, providing maintenance for a power outage, fixing TV remotes, or responding to a disturbance.

51. Depending on the task required, Plaintiff spent anywhere from five (5) minutes to approximately two (2) hours responding to a single call.

7

52. Because Plaintiff was the only employee available for calls during non-office hours and because the nature of the calls required his immediate response, Plaintiff was not able to leave the premises for his own pursuits or for any other reason and was never relieved of his duties as Night Manager.

53. Between both of his jobs as Front Desk Clerk and Night Manager, Plaintiff routinely worked in excess of twelve (12) hours per day and forty (40) hours per workweek during his entire employment with Defendants without receiving correct overtime compensation as required under the FLSA and CWCA.

54. Defendants routinely suffered and permitted Plaintiff to work more than twelve (12) hours per day and forty (40) hours per workweek but never compensated him correctly for the regular and overtime premium compensation that he is due.

55. Defendants failed to pay Plaintiff at least the minimum wage for all the hours he worked.

56. Upon information and belief, Defendants failed to keep records of Plaintiff's hours worked as Night Manager and failed to keep records regarding the value of the lodging provided to Plaintiff as partial compensation for work performed as Night Manager at Spanish Trails.

57. Defendants were aware, or should have been aware, that Plaintiff performed work that required payment of regular compensation and overtime premium compensation.

58. Plaintiff was deprived of compensation, both regular and overtime, that he is guaranteed by law.

59. Defendants' conduct was willful and in bad faith.

60. Defendants operated under a scheme to deprive Plaintiff of regular and overtime premium compensation as required under the FLSA and CWCA by failing to compensate him at all for his

time worked as Night Manager, failing to pay at least minimum wage for all Plaintiff's hours worked, failing to compensate overtime hours worked, and failing to make, keep, and preserve records of Plaintiff's hours worked.

61. Pursuant to C.R.S. § 8-4-109, Plaintiff sent a written demand for payment of wages and compensation on December 8, 2017.

62. Defendants did not tender to Plaintiff any amounts within 14 days after he sent his wage demand.

63. Defendants' failure to pay Plaintiff the wages and compensation owed to him continues up to the time of filing this Complaint.

64. Plaintiff and Defendants entered into a tolling agreement effective December 8, 2017; as such, Plaintiff is eligible to recover wages earned from December 8, 2014 because Defendants' failure to pay such wages was willful.

## VI.   CAUSES OF ACTION

### COUNT I

**(Overtime Violations Under the Fair Labor Standards Act [FLSA], 29 U.S.C. § 201, *et seq*. – Both Defendants)**

65. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

66. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

67. Defendants routinely suffered and permitted Plaintiff to work more than forty (40) hours per week without paying him overtime compensation in violation of 29 U.S.C. § 207(a) of the FLSA.

68. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by failing to record and calculate Plaintiff's hours worked and by failing to compensate Plaintiff at the required overtime rate.

69. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA.

70. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages. Plaintiff is entitled to recover from Defendants, jointly and severally, one and one-half times the regular rate of pay for all hours he worked in excess of forty (40) hours per week.

71. Plaintiff is also entitled to recover from Defendants, jointly and severally, an additional equal amount as liquidated damages, reasonable attorney fees, costs, and interest pursuant to 29 U.S.C. §216(b) of the FLSA.

72. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

### COUNT II

**(Minimum Wage Violations Under the Fair Labor Standards Act [FLSA], 29 U.S.C. § 201, *et seq*. – Both Defendants)**

73. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

74. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a) of the FLSA.

75. Defendants' actions, policies, and or/practices as described above violate the FLSA's minimum wage requirements by failing to record and calculate Plaintiff's hours worked and by failing to compensate Plaintiff for all the hours he worked.

76. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA.

77. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages. Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages.

78. Plaintiff is also entitled to recover from Defendants, jointly and severally, an additional equal amount as liquidated damages, reasonable attorney fees, costs, and interest pursuant to 29 U.S.C. §216(b) of the FLSA.

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

### COUNT III

**(Overtime and Minimum Wage Violations Under the Colorado Wage Claim Act [CWCA], C.R.S. § 8-4-101, *et seq*. – Defendant Spanish Trails, Inc.)**

80. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

81. Plaintiff is entitled to recover all unpaid wages and compensation, plus a penalty of 125% of the first $7,500.00 of the unpaid amount and 50% of any additional amount as a result of Defendant Spanish Trails, Inc.'s failure to pay Plaintiff's earned and unpaid wages and compensation following the written demand pursuant to C.R.S. §8-4-109.

82. Plaintiff is also entitled to an additional 50% penalty pursuant to C.R.S. §8-4-109 because of Defendant Spanish Trails, Inc.'s failure to pay his wages and compensation was willful.

83. Plaintiff is entitled to recover from Defendant Spanish Trails, Inc. his reasonable attorneys' fees and costs incurred pursuant to C.R.S. §8-4-110.

84. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of C.R.S. §8-4-122.

## COUNT IV

### (Minimum Wage Violations Under the Colorado Wage Claim Act [CWCA], C.R.S. § 8-6-101, *et seq*. – Defendant Spanish Trails, Inc.)

85. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

86. Pursuant to C.R.S §8-6-118, Plaintiff is entitled to recover from Defendant Spanish Trails, Inc. the balance of minimum wage, together with attorney fees and court costs.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant Plaintiff judgment in his favor and award against the Defendants and in favor of the Plaintiff actual damages for unpaid wages including unpaid minimum wage and back overtime compensation, liquidated damages, penalties, punitive damages and compensatory damages, plus attorneys' fees and all such other relief as may be appropriate;

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Spanish Trails, Inc. and Defendant James H. Adams as follows:

A. Against both Defendants, jointly and severally, for actual damages for unpaid minimum wage and unpaid overtime compensation under the FLSA;

B. Against both Defendants, jointly and severally, for liquidated damages under the FLSA in an amount equal to actual damages;

C. Against Defendant Spanish Trails, Inc. for wages and compensation owed;

D. Against Defendant Spanish Trails, Inc. for all penalties available under the CWCA.

E. Against both Defendants, jointly and severally, for attorneys' fees under the FLSA and the CWCA;

F. Costs; and

G. Such other relief as the Court deems just and equitable.

## VIII.   JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Dated this 29th day of June 2018.

By:   s/ Eleni K. Albrechta
*Eleni K. Albrechta, esq.*
*David T. Albrechta, esq.*
ALBRECHTA & ALBRECHTA, LLC
530 Main Avenue, Suite D03
Durango, CO 81301
Telephone: (970) 422-3288
E-mail: david@albrechtalaw.com
           eleni@albrechtalaw.com

*Attorneys for Plaintiff Kevin Magouirk*