IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01669-PAB-KLM

KEVIN MAGOUIRK,

    Plaintiff,

v.

SPANISH TRAILS, INC., a Colorado corporation, and
JAMES H. ADAMS, individually,

    Defendants.

## ORDER

This matter is before the Court on the parties' Unopposed Revised Motion for Approval of Settlement Agreement and Dismissal of Claims With Prejudice [Docket No. 33]. The parties request that the Court approve their settlement of plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

### I. BACKGROUND

This case arises out of a wage dispute. On July 19, 2018, plaintiff filed his complaint alleging that he is a former employee of defendant Spanish Trails, Inc. ("Spanish Trails"), which is owned by defendant James H. Adams and operates a motel in Durango, Colorado. Docket No. 6 at 1-2, ¶¶ 1-2.[1] Plaintiff claims that he worked as a front desk clerk and as a night manager for Spanish Trails at the Durango motel. *Id.*,

---

[1] The following facts are taken from the amended complaint [Docket No. 6] and are included for background purposes only.

¶ 2. Plaintiff alleges that he worked nearly every night without compensation in the course of his employment. *Id.* On February 28, 2019, the parties filed a motion representing that a settlement had been reached. Docket No. 25.

When an employee files suit against his or her employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). District court approval of FLSA settlements effectuates the purpose of the statute to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354.

On August 19, 2019, the Court entered an order on the parties' first motion for approval of their settlement agreement. Docket No. 27. The Court found that the litigation involved a bona fide dispute and that the proposed settlement was fair and reasonable. *Id.* at 2-5. However, the Court declined to approve the settlement agreement as a whole because the parties provided insufficient information to determine whether the award of attorneys' fees and costs was reasonable. *Id.* at 5-7. On November 5, 2019, the parties filed the instant motion, again seeking approval of

the settlement agreement. Docket No. 33.

## II. ATTORNEYS' FEES AND COSTS

The settlement agreement provides for an award of attorneys' fees and costs of $46,023.76 to plaintiff's counsel, Albrechta & Albrechta LLC. Docket No. 33-2 at 2. This award represents a contingent fee of $44,995.00 – one-third of the total sum awarded to plaintiff – plus costs and expenses of $1,028.76. Docket No. 33 at 7.

In order to approve the proposed settlement agreement, the Court must examine whether the award of attorneys' fees and costs is reasonable. *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (unpublished) (holding that contingency contract between counsel and plaintiff did not abrogate court's duty to review the reasonableness of legal fees in an FLSA settlement). To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587-88 (Colo. App. 2000). The lodestar amount may be adjusted based upon several factors, including the time and labor required, novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, preclusion of other employment by the attorneys due to acceptance of the case, customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or circumstances, amount in controversy and results obtained, experience, reputation, and ability of the attorneys, undesirability of the case, the nature and length of the professional relationship with the client, and

awards in similar cases. *Fulton v. TLC Lawn Care, Inc.*, 2012 WL 1788140, at *5 (D. Kan. May 17, 2012) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995)).

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy his burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff has submitted evidence that his counsel spent 120.98 hours working on his case at an hourly rate of $250 per hour. *See* Docket No. 33-4. A legal assistant also spent 13 hours working on the case at an hourly rate of $75 per hour. *See id*. From this, plaintiff calculates a lodestar amount of $31,220.00. Docket No. 33 at 8.

The Court agrees with plaintiff that both the number of hours expended and the hourly rate charged are reasonable. As to the number of hours, the Court has reviewed the time records submitted by plaintiff, Docket No. 33-4, and finds them to reflect a reasonable amount of time spent in order to attain a favorable result in this case. As to the hourly rate, an hourly rate of $250 per hour is generally consistent with the rates charged in other cases in this district. *See Shaw v. Interthinx, Inc.*, No.

13-cv-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. Apr. 22, 2015) (approving

of hourly rates ranging from $150 to $675 per hour for attorneys and staff members

involved in litigation).  Moreover, plaintiff submits an affidavit from Lynne Sholler, an

attorney at an employment law firm in Durango, Colorado, attesting that the hourly rate

charged by plaintiff's counsel is in line with hourly rates charged by attorneys of similar

skill level and experience in Durango.  *See* Docket No. 33-10 at 2, ¶ 7.  The Court thus

concludes that the lodestar amount of $31,220.00 is appropriate.

The lodestar amount of $31,220.00 is $13,775.00 less than the requested fee

award of $44,995.00.  The Court thus must consider whether a lodestar multiplier of

1.44 is appropriate in this case, considering the relevant factors.  *See Gudenkauf v.*

*Staffer Commc'ns, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998).

Several factors weigh in favor of the requested lodestar multiplier.[2]  Plaintiff

represents that this case involved a substantial amount of time and labor on the part of

plaintiff's counsel investigating plaintiff's case and pursuing the case to an ultimate

settlement.  Docket No. 33.  Moreover, plaintiff's counsel undertook this representation

on a contingency basis, contracting with plaintiff for a fee of 33 1/3 % of the gross

amount collected in the case.  *See* Docket No. 33-3.  "Courts have consistently found

that this type of fee arrangement, under which counsel runs a significant risk of

nonpayment, weighs in favor of the reasonableness of a requested fee award."  *See*

*Faulkner v. Ensign United States Drilling Inc.*, No. 16-cv-03137-PAB-KLM, 2020 WL

---

[2] In evaluating the reasonableness of a fee award, a court need specifically
address only relevant factors.  *Gudenkauf*, 158 F.3d at 1083.

550592, at *5 (D. Colo. Feb. 4, 2020) (collecting cases).  The contingency fee amount is also in line with awards in similar cases in this district.  *Cf. Anderson v. Merit Energy Co.*, No. 07-cv-00916-LTB-BNB, 2009 WL 3378526, at *3 (D. Colo. Oct. 20, 2009) (recognizing that, in common fund cases, the customary fee "is approximately one-third of the economic benefit bestowed on the class").  Finally, the lodestar multiplier is reasonable compared to similar cases in this district.  *See Mishkin v. Zynex, Inc.*, No. 09-cv-00780-REB-KLM, 2012 WL 4069295, at *2 (D. Colo. Sep. 14, 2012) (collecting Colorado federal district court cases approving lodestar multipliers ranging from 2.5 to 4.6).  Thus, the Court concludes that plaintiff's requested fee of $44,995.00 is reasonable in this case.

Finally, plaintiff's counsel requests an award of costs and expenses of $1,028.76.  Docket No. 33 at 7.  These costs include transcripts, travel, filing fees, and postage.  The Court has reviewed the costs and find them to be reasonable in the context of this case.  *See Shaw*, 2015 WL 1867861, at *8.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the parties' Unopposed Revised Motion for Approval of Settlement Agreement and Dismissal of Claims With Prejudice [Docket No. 33] is **GRANTED**.  It is further

**ORDERED** that the parties' Agreement and General Release [Docket No. 33-2] is **APPROVED**.  It is further

**ORDERED** that this case is dismissed without prejudice. Within fifteen days of this order, the parties shall notify the Court whether the settlement has been funded pursuant to the terms of the settlement agreement. Once the settlement is funded, the Court will enter an order dismissing the case with prejudice. It is further

**ORDERED** that the Court retains jurisdiction over this case for the limited purpose of enforcing the parties' settlement agreement until the settlement is funded and the case is dismissed with prejudice.

DATED May 15, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge